UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO RODRIGUEZ,

                Plaintiff,

-against-

JAIFA COLLADO, ACT. SUPT.; LESLIE CAREY, NURSE ADMIN.; JOHN DOE, CORR. OFFICER; JANE DOE, CORR. OFFICER; B. FURCO, REGISTERED NURSE,

                Defendants.

19-CV-3694 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Pedro Rodriguez, currently incarcerated at Gouverneur Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging that while he was confined at Green Haven Correctional Facility, Defendants failed to provide him adequate medical care and denied him a visitation with his son. By order dated July 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

    A pre-motion conference was held on December 13, 2019, during which the Court directed Defendants to identify the nurse described in Plaintiff's complaint. (Minute Entry Dated 12/13/2019.) Defendants identified the nurse as B. Furco, R.N., (Doc. 26), and Plaintiff amended his complaint accordingly to add B. Furco as a defendant, (Doc. 28).

### DISCUSSION

**A. Service on B. Furco**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant B. Furco through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 form with the address for B. Furco and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court shall also mail a copy of this order and the amended complaint to the Attorney General of the State of New York at: 28 Liberty Street, New York, NY 10005. An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

DATED: February 13, 2020
      White Plains, New York

_____
UNITED STATES DISTRICT JUDGE

## DEFENDANTS AND SERVICE ADDRESSES

1. B. Furco, R.N.
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508